UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVE RICE,

              Plaintiff,

    v.

ST. CLARE'S HOSPITAL, et al.,

              Defendants.

CASE NO. C16-5140 BHS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AS TO HIS BREACH OF CONTRACT CLAIM AND REQUESTING ADDITIONAL BRIEFING ON SUPPLEMENTAL JURISDICTION

This matter comes before the Court on Plaintiff Steve Rice's ("Rice") motion to remand (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On December 28, 2015, Rice filed a complaint against Defendants St. Clare's Hospital, Carrie Jensen, and Debbie Gist (collectively "Defendants") in Pierce County Superior Court.[1]  Dkt. 2-1.  Rice filed a second amended complaint on February 8, 2016.

---

[1] Rice did not serve his first complaint on Defendants.  Dkt. 2, Declaration of Timothy O'Connell ¶ 2.

ORDER - 1

Dkt. 2-4 ("Comp."). Rice alleges state law claims for breach of contract, defamation, negligent infliction of emotional distress, race discrimination, and retaliatory discharge. *Id.* ¶¶ 4.1–4.7. With respect to his breach of contract claim, Rice alleges "Defendants breached the terms of [his] Arbitration Award issued by Gary Axon" by deducting the wrong amount of money from his back pay award. *Id.* ¶¶ 3.9, 4.7.

On February 22, 2016, Defendants removed the suit to this Court on the basis of federal question jurisdiction. Dkt. 1. On March 15, 2016, Rice moved to remand. Dkt. 11. On April 4, 2016, Defendants responded. Dkt. 14. Rice did not file a reply.

## II. FACTUAL BACKGROUND

Rice began working as a surgical technician at St. Clare's Hospital in 1996. Comp. ¶ 3.1. Rice is an African American male who has been terminated from St. Clare's Hospital on three occasions in 2004, 2012, and 2015. *Id.* ¶¶ 3.1–3.2.

With respect to his termination in 2012, Rice proceeded through the grievance process outlined in the Collective Bargaining Agreement ("CBA") between his union and the hospital. Dkt. 15, Declaration of Timothy O'Connell ("O'Connell Dec."), Exs. A, B. After exhausting the grievance process, Rice's union brought the matter to arbitration. O'Connell Dec., Ex. B at 2. Rice's union alleged Rice's discharge was without just cause. *Id.*

The arbitrator, Gary Axon, determined that St. Clare's Hospital had just cause to discipline Rice in the form of a fifteen-day suspension, but did not have just cause to terminate Rice from his employment. *Id.* at 26. The arbitrator directed that Rice be reinstated and awarded back pay. *Id.* The arbitrator further instructed that the

unemployment benefits received by Rice "be treated in accordance with Washington law." *Id.*

Rice returned to work at St. Clare's Hospital on March 4, 2015. Comp. ¶ 3.11. Before Rice received his back pay award, certain amounts were deducted from the award and returned to the State of Washington. *Id.* ¶ 3.9; *see also* Dkt. 11-2, Declaration of Steve Rice ¶ 7.

On April 6, 2015, St. Clare's Hospital terminated Rice's employment "following a complaint of inappropriate behavior during a surgical operation and for intimidation of a co-worker." O'Connell Dec., Ex. C at 1.

## III. DISCUSSION

Rice moves to remand, arguing the Court lacks federal question jurisdiction because he has not alleged a federal question in his complaint. Dkt. 11. Defendants, in turn, contend federal question jurisdiction exists under the complete preemption doctrine. Dkt. 14 at 3. As the removing party, Defendants bear the burden of establishing that federal jurisdiction is proper. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).

"A suit may be removed to federal district court only if it could have been brought there originally." *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989) (citing 28 U.S.C. § 1441(a)). District courts have original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). "Defenses based on federal law, including preemption defenses, do not ordinarily provide a legitimate basis for removal." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993).

"There does exist, however, a corollary to the well-pleaded complaint rule, known as the 'complete preemption' doctrine." *Balcorta*, 208 F.3d at 1107. "The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law." *Id.* "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* The complete preemption doctrine is generally applied under § 301 of the Labor Management Relations Act. *Jackson*, 881 F.2d at 642. "Section 301(a) provides federal jurisdiction over '[s]uits for violation of contracts between an employer and a labor organization.'" *Id.* (quoting 29 U.S.C. § 185(a)).

Defendants contend that federal question jurisdiction exists because Rice's breach of contract claim is completely preempted by § 301. Dkt. 14 at 3–4. The Court agrees. Following his termination in 2012, Rice filed a grievance under the CBA alleging his discharge was without just cause. *See* O'Connell Dec., Ex. B at 2. After exhausting the grievance procedure, the matter was submitted to arbitration and the arbitrator ultimately awarded Rice back pay. *Id.* at 2, 26. Under the terms of the CBA, the arbitrator's decision was "final and binding on all parties." *Id.* at 24.

Rice now claims Defendants breached the terms of the arbitration award by deducting the wrong amount from his back pay award. Comp. ¶ 3.9, 4.7. In essence,

Rice's breach of contract claim seeks to enforce an arbitration award that was entered pursuant to a CBA. *See id.* ¶ 4.7. Section 301 governs suits to enforce such arbitration awards. *See United Steel v. Wise Alloys, LLC*, 642 F.3d 1344, 1352 (11th Cir. 2011); *Sheet Metal Workers' Intern. Ass'n v. R.K. Burner Sheet Metal Inc.*, 859 F.2d 758, 760 (9th Cir. 1988); *Evans v. Einhorn*, 855 F.2d 1245, 1254 (7th Cir. 1988). Rice's breach of contract claim should therefore be treated as a § 301 claim, which the Court has federal question jurisdiction over. *See Jackson*, 881 F.2d at 642.

Defendants briefly argue the Court has supplemental jurisdiction over Rice's remaining state law claims for defamation, negligent infliction of emotional distress, race discrimination, and retaliatory discharge. Dkt. 14 at 6. "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

It is debatable whether Rice's remaining state law claims arise out of a common nucleus of facts with his breach of contract claim. As discussed above, Rice's breach of contract claim seeks to enforce an arbitration award following his termination in 2012. Comp. ¶ 4.7. Meanwhile, Rice's other claims stem from his termination in 2015. *See id*. ¶¶ 4.1–4.6. Because the issue of supplemental jurisdiction was not fully discussed, the Court requests additional briefing from the parties on whether it should exercise

supplemental jurisdiction over Rice's remaining state law claims or remand them to state court.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Rice's motion to remand (Dkt. 11) is **DENIED** with respect to Rice's breach of contract claim.  The Court **RESERVES ruling** on Rice's remaining state law claims.  The parties shall file their briefs on supplemental jurisdiction no later than May 6, 2016.  Rice's motion is renoted to May 6, 2016.

Dated this 21st day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge